IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN J. SCHUBERT and
JENNIFER R. SCHUBERT,

    Plaintiffs,

v.                                     Civil Action No. 5:09CV30
                                                     (STAMP)
JOHN D. FREED, M.D. and
EAST OHIO REGIONAL HOSPITAL
AT MARTINS FERRY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT JOHN D. FREED, M.D.'S MOTION TO DISMISS**

I. Procedural History

The plaintiffs, Steven J. Schubert and Jennifer R. Schubert, commenced this civil action in the Circuit Court of Ohio County, West Virginia, alleging medical negligence, loss of consortium, and violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd et seq. The defendants, John D. Freed, M.D. ("Dr. Freed") and East Ohio Regional Hospital at Martins Ferry ("East Ohio Regional Hospital"), removed the case to federal court. Dr. Freed then filed a motion to dismiss to which the plaintiffs filed a response, and Dr. Freed replied. For the reasons set forth below, Dr. Freed's motion to dismiss is granted in part and denied in part.

## II. Facts[1]

On May 12, 2007, Mr. Schubert was presented to East Ohio Regional Hospital with four amputated fingers on his left hand. Because the defendants were incapable of performing the surgery to replant Mr. Schubert's fingers, they attempted to locate a facility that could perform immediate emergency surgery. In their complaint, the plaintiffs allege that Dr. Freed and East Ohio Regional Hospital negligently failed to timely transfer Mr. Schubert to another facility by improperly contacting and obtaining the approval of Mr. Schubert's health insurer before effectuating the transfer.

## III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

---

[1] In accordance with the applicable standard of review, stated below, this Court will accept, for the purposes of deciding this motion, the factual allegations contained in the complaint as true.

2

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. <u>Rogers</u>, 883 F.2d at 325. A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The facts alleged must be sufficient "to raise a right to relief about the speculative level." <u>Twombly</u>, 550 U.S. at 555.

IV. <u>Discussion</u>

Dr. Freed makes two arguments in his motion to dismiss. Specifically, Dr. Freed argues that the plaintiffs' EMTALA claim against him fails as a matter of law because EMTALA does not allow a private right of action against an individual physician. Next, Dr. Freed contends that the plaintiffs' claims are barred by the applicable statute of limitations. This Court discusses each argument in turn.

A. <u>EMTALA Violation Against Dr. Freed</u>

This Court agrees with Dr. Freed that the EMTALA claim asserted against him must be dismissed. The United States Court of Appeals for the Fourth Circuit has held that EMTALA does not provide a plaintiff with a cause of action against an individual physician:

> Although the statute clearly allows a patient to bring a civil suit for damages for an EMTALA violation against a participating hospital, 42 U.S.C.A. § 1395dd(d)(2)(A), no section permits an individual to bring a similar action against a treating physician. Instead the enforcement sections of EMTALA allow an action against a physician only by the Department of Health and Human Services to bar his participation in Medicare programs and/or to seek administrative sanctions in the form of civil monetary penalties. 42 U.S.C.A. § 1395dd(d)(1)&(2)(B). Thus, nothing in the language of the statute permits a private individual to recover personal injury damages from a physician for an EMTALA violation.

<u>Baber v. Hosp. Corp. of Am.</u>, 977 F.2d 872, 877 (4th Cir. 1992). <u>See also</u> <u>Brooks v. Md. Gen. Hosp., Inc.</u>, 996 F.2d 708, 710 n.2 (4th Cir. 1993) ("Section 1395dd(d)(2)(A) of Title 42 of the United

4

States Code limits private civil actions under EMTALA, providing remedies only against hospitals.").

Several other circuits have held the same. See e.g. Moses v. Providence Hosp. and Med. Ctrs., Inc., 561 F.3d 573, 587 (6th Cir. 2009) ("We agree with our sister circuits that EMTALA does not authorize a private right of action against individuals."); King v. Ahrens, 16 F.3d 265, 271 (8th Cir. 1994) ("The plain language indicates that section 1395dd(d)(2)(A) creates a cause of action only against a 'participating hospital.'"); Eberhardt v. City of Los Angeles, 62 F.3d 1253, 1256 (9th Cir. 1995)("The plain text of EMTALA explicitly limits a private right of action to the participating hospital."); Delaney v. Cade, 986 F.2d 387, 393-94 (10th Cir. 1993) ("We agree the plain language of the Act indicates individuals can bring civil actions only against participating hospitals.").

Thus, because precedent in this Circuit establishes that EMTALA does not give rise to a private cause of action against an individual physician, the plaintiffs' EMTALA claim against Dr. Freed is dismissed.

B. <u>Statute of Limitations</u>

Dr. Freed argues that because this cause of action accrued in Ohio, Ohio's one year statute of limitations period relating to medical malpractice lawsuits governs in this case. Indicating that the plaintiffs' cause of action accrued on May 12, 2007, but that they did not file a complaint until October 30, 2008, Dr. Freed

contends that the remaining claims are barred by the statute of limitations. This Court disagrees.

The parties do no dispute that this cause of action accrued in Ohio, where Mr. Schubert presented himself to the East Ohio Regional Hospital and the underlying allegations thereafter occurred. Where a claim accrues outside of West Virginia, West Virginia's borrowing statute, W. Va. Code § 55-2A-2, requires the following: "The period of limitation applicable to a claim accruing outside of this State shall be either that prescribed by the law of the place where the claim accrued or by the law of this State, whichever bars the claim."

In West Virginia, the statute of limitations relating to medical malpractice lawsuits is two years:

> A cause of action for injury to a person alleging medical professional liability against a health care provider arises as of the date of injury, except as provided in subsection (b) of this section, and must be commenced within two years of the date of such injury, or within two years of the date when such person discovers, or with the exercise of reasonable diligence, should have discovered such injury . . . .

W. Va. Code. § 55-7B-4(a). Conversely, in Ohio, the statute of limitations states, in pertinent part, the following:

> (A) Except, as otherwise provided in this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued.
>
> (B)(1) If prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that

action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

Ohio Rev. Code Ann § 2305.113.

After a thorough review of the record, this Court holds that whether West Virginia or Ohio law is applied in this matter, the plaintiffs' complaint was timely filed under the applicable statute of limitations period.[2] Here, the cause of action arose on May 12, 2007. Assuming, without deciding, that West Virginia law applied, the plaintiffs had until May 12, 2009, to file their complaint. Because the plaintiffs filed their complaint on October 30, 2008, it was filed well within the two year statute of limitations period, and West Virginia law would not bar this action.

Alternatively, assuming, without deciding, that Ohio law controls here, the plaintiffs' claims are still not barred by the applicable statute of limitations. When a plaintiff provides written notice to the defendants before the expiration of the statute of limitations period, the plaintiff then has 180 days from the date of that notice to commence a civil action. See Ohio Rev. Code Ann. § 2305.113. In this action, the plaintiffs provided written notice to both Dr. Freed and East Ohio Regional Hospital on May 7, 2008, that they were considering bringing an action. That written notice was received by Dr. Freed and East Ohio Regional Hospital on May 8, 2008. Because this civil action was commenced

---

[2]This Court does not decide at this time whether West Virginia or Ohio law applies to the remaining matters before this Court.

7

on October 30, 2008, less than 180 days after that notice was received by the defendants, this action was timely filed under Ohio law. See Russell v. Witham, 2007 WL 4561609 (N.D. Ohio Dec. 21, 2007) (unpublished) (Ohio Rev. Code § 2305.113(B)(1) "provides that when a plaintiff who allegedly possesses a medical claim gives written notice of his claim, the plaintiff may commence his case within 180 days of giving such notice regardless of whether the one year statute of limitations runs after the letter was sent."); Shade v. Bleser, 2005 WL 3358870, at *5 (Ohio App. 2d Dec. 9, 2005) (unpublished) ("[T]he action is timely only if [the plaintiff] sent a 180-day notice letter to the defendants prior to the expiration of the statute of limitations and if the action was filed within 180 days of the provision of that notice."). Thus, the plaintiffs' remaining claims against Dr. Freed are not barred by the statute of limitations.

## V. Conclusion

For the reasons stated above, the defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby GRANTED IN PART and DENIED IN PART. To the extent that Dr. Freed argues that the EMTALA claim against him should be dismissed, his motion is GRANTED. Nevertheless, to the extent that Dr. Freed contends that the remaining claims are barred by the applicable statute of limitations, his motion is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: January 28, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE